UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE
CIVIL ACTION NO. 7:17-cv-00132-KKC

K.D, by her guardians,
RAYMOND DOTSON and RACHELLE HAIRSTON           PLAINTIFFS

-vs-            **ANSWER OF MARK GANNON**

JERRY SWAFFORD, in his individual capacity;
THE PIKE COUNTY BOARD OF EDUCATION,
REED ADKINS, in his individual capacity; and
MARK GANNON, in his individual capacity           DEFENDANTS

       Come now the Defendant, MARK GANNON, in his individual capacity, by and through counsel, and for his answer to the complaint states as follows:

       1.      The complaint should be dismissed on the grounds that it fails to state a claim against the Defendants, and each of them, for which the Court can properly grant relief.

       2.      The answering Defendant admits that part of the allegations contained in numerical paragraph 2 of the complaint which states that on the afternoon of Friday, October 14, 2016 a parent called Belfry Principal Mark Gannon. The answering Defendant denies the remaining allegations contained in numerical paragraph 2.

       3.      The answering Defendant denies the allegations contained in Numerical Paragraphs 1, 3, 21, 22, 26, 27, 28, 31, 32, 33, 36, 39, 40, 41, 42, 43, 44, 45, 46, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 73, 74, 75, 80, 81, 82, 83, 84 and 85 of the complaint.

       4.      The answering Defendant states that the allegations contained in numerical paragraphs 37, 47, 68, 69, 70, 71, 72, 76, 77, 78, 86 and 87 are statements of law to which no

affirmative response is required. To the extent that a response is required, the answering Defendant states that the citations of law contained therein, to the extent accurate, speak for themselves.

5. These answering Defendant admits the allegations contained in Numerical Paragraphs 5, 6, 7, 8, 30 (except denies reference to "Swafford's birthday party") and 79 of the complaint.

6. These answering Defendant admits so much of Numerical Paragraph 4 of the complaint as states that Swafford has pled guilty to a crime. The answering Defendant denies the reaming allegations contained in Numerical Paragraph 4 of the complaint.

7. The answering Defendant lacks sufficient knowledge at this time to form a belief as to the truthfulness of the allegations contained at numerical paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, 24, 25, 29, 34, 35, 38, 48, 58, 88, 89, and 90 of the complaint and therefore deny said allegations.

8. The answering Defendant states that the duties and responsibly of school administrators are defined by state and federal law. To the extent that the Plaintiff attempts to broaden the legal duties and responsibilities of the Defendant, the answering Defendant denies said allegations.

9. The answering Defendants deny each and every statement, allegation and demand contained in the complaint not heretofore expressly admitted.

10. The answering Defendant states that the claims of the Plaintiff inasmuch as they attempt to assert liability on the basis of respondeat superior or vicarious liability are barred as a matter of both federal and state law.

11. The answering Defendant states that the state law claims of the Plaintiff against the individual Defendant, Mark Gannon, are barred by operation of the doctrine of qualified immunity upon which the individual Defendant or Defendants rely as a complete and affirmative defense to this action.

12. The answering Defendants state that the claims of the Plaintiff against the individual Defendant, Mark Gannon, are barred by the doctrine of absolute immunity, official immunity, and good faith immunity and all other immunities and privileges available to him as an educator, teacher and school administrator.

13. The answering Defendants state that the Defendant, Mark Gannon, at all times acted in good faith and exercised reasonable care and skill in effectuating their duties as required by law.

14. The answering Defendant asserts and relies upon each and every common law defense available to him.

15. The answering Defendant asserts each and every privilege, defense and immunity available to them under the laws of the United States of America and the Commonwealth of Kentucky.

16. The answering Defendant asserts that the claims of the Plaintiff are barred either in hold or in part by reason of the contributory negligence of the parents, RAYMOND DOTSON and RACHELLE HAIRSTON.

17. The Defendants assert that liability and damages in this action must be allocated by percentages of fault as required by KRS 411.118 and these Defendants demand an allocation of fault between all parties, including settling non-parties, and others as required by applicable Kentucky statutes and common law.

18. The Plaintiff has failed to join necessary and indispensable parties to this action and by reason thereof this case should be dismissed or the Plaintiff otherwise required to join the party or parties alleged to have had prior notice of alleged dependency, neglect or abuse of the minor child K.D.

19. These answering Defendant states that the injuries and damages complained of are the result, either in whole or in part, of an intervening and superseding cause over which these Defendants had no control and for which they bear no responsibility as a matter of law.

20. The Defendants state that the facts and circumstances of this case do not arise to the level of warranting a punitive damage instruction against any or all of the answering Defendant.

21. The answering Defendant states that the Plaintiffs' claim for punitive damages is barred by operation of the constitutions of the Commonwealth of Kentucky and the United States of America as amended. The Plaintiffs' claim for punitive damages is not supported by the facts and circumstances surrounding the incident complained of by the Plaintiff and should therefore be dismissed.

22. The answering Defendant asserts the Paul D. Coverdell Teacher Protection Act of 2001 as complete and affirmative defense to this action.

23. The answering Defendant reserves the right to amend their answer so as to assert additional defenses which maybe come available as this case proceeds through the discovery process.

WHEREFORE, having fully answered, the answering Defendant demands that the complaint be dismissed and that the Plaintiffs take nothing thereby, for their costs herein

expended, for trial by jury, and for any and all other relief to which the Defendant appears entitled.

                              PORTER, BANKS, BALDWIN & SHAW, PLLC
                              327 Main Street, P.O. Drawer 1767
                              Paintsville, Kentucky 41240-1767
                              Telephone:   (606) 789-3747
                              Facsimile:   (606) 789-9862

                              By:    s/Jonathan C. Shaw_____
                              COUNSEL FOR DEFENDANT
                              MARK GANNON, in his
                              Individual capacity

<u>CERTIFICATE OF SERVICE:</u>

I hereby certify that on September 7th, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Michael B. Hissam (KY Bar No. 97147)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301


                              s/Jonathan C. Shaw_____