UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE
**Civil Action No. 7:17-cv-132-KKC**

| | |
|---|---|
| K.D., by her guardians, <br> RAYMOND DOTSON and <br> RACHELLE HAIRSTON | PLAINTIFF |
| VS. | |
| JERRY SWAFFORD, in his individual capacity; <br> THE PIKE COUNTY BOARD OF EDUCATION; <br> REED ADKINS, in his individual capacity; and <br> MARK GANNON, in his individual capacity | DEFENDANTS |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*
**ANSWER OF DEFENDANT, JERRY SWAFFORD**
\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Comes the Defendant, Jerry Swafford, in his individual capacity, by and through counsel, and submits the following as his Answer to the Plaintiff's Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim and further states that the Complaint fails to state a claim upon which the Court can grant the requested relief, and therefore, said Complaint should be dismissed.

### SECOND DEFENSE

1. The answering Defendant denies the statements and allegations in numerical paragraphs 1, 3, 11, 14, 15, 22, 24, 25, 26, 27, 28, 38, 40, 41, 42, 43, 44, and 82 of the Plaintiff's Complaint.

1

2. The answering Defendant has insufficient information to admit or deny the statements and allegations in numerical paragraphs 2, 17, 18, 21, 23, 29, 30, 31, 32, 33, 34, 35, 36, 39, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 73, 74, 75, 80, 81, 83, 84, and 85 of the Plaintiff's Complaint and therefore denies same.

3. The answering Defendant in response to numerical paragraphs 4, 16, and 20 of the Plaintiff's Complaint states that the guilty plea of Jerry Swafford speaks for itself. The remainder of the allegations are denied.

4. The answering Defendant admits the statements in numerical paragraphs 5, 6, 7, 8, and 13 of the Plaintiff's Complaint.

5. The Answering Defendant in response to numerical paragraph 9 of the Plaintiff's Complaint admits that the week of October 10, 2016 was Mr. Swafford's 61st birthday. The remainder of the allegations are denied.

6. The Answering Defendant in response to numerical paragraph 10 of the Plaintiffs' Complaint states that he has insufficient information to admit or deny the statements and allegations concerning invitations to the party and therefore denies same. The remainder of the allegations are denied.

7. The answering Defendant in response to numerical paragraph 12 of the Plaintiff's Complaint admits that he provided a birthday cake, but denies the remainder of the allegations contained therein.

8. The answering Defendant in response to numerical paragraph 19 of the Plaintiff's Complaint states that the indictment and guilty plea of Jerry

Swafford speak for themselves. The remainder of the allegations are denied.

9. The answering Defendant in response to numerical paragraphs 37, 47, 68, 69, 70, 71, 72, 76, 77, 78, 79, 86, and 87 of the Plaintiff's Complaint states that the statements and allegations are statements and characterizations of the law and no affirmative response is required. To the extent that a response is required, the answering Defendant states citations to law contained therein, to the extent they may be accurate, speak for themselves.

10. The answering Defendant in response to numerical paragraphs 88 and 89 of the Plaintiff's Complaint states that the guilty plea of Jerry Swafford speaks for itself.

11. The answering Defendant in response to numerical paragraph 90 of the Plaintiff's Complaint states that guilty plea of Jerry Swafford speaks for itself. The answering Defendant has insufficient information to admit or deny the statements and allegations concerning whether Plaintiff sustained damages and therefore denies same.

12. Each and every allegation not specifically admitted herein is denied.

## THIRD DEFENSE

This Answering Defendant states that if the Plaintiff was damaged as alleged, the Defendant preserves the defense that said damages were the result of the contributory negligence and this answering Defendant specifically pleads and relies upon said

contributory negligence as a complete or comparative bar to the Plaintiff's recovery herein, if any.

## FOURTH DEFENSE

The Plaintiff has failed to plead and/or otherwise present facts from which punitive damages may be granted and this Answering Defendant relies upon this fact as a complete bar to the Plaintiff's claim for punitive damages. The imposition of punitive damages, based on the allegations in the Plaintiff's Complaint, is barred by the operation of the United States Constitution, the Kentucky Constitution, the Kentucky Punitive Damage Statute, and Kentucky common law, upon which this Defendant relies as a complete and affirmative defense.

## FIFTH DEFENSE

The Plaintiff has failed to join necessary and indispensable parties to this action and by reason thereof this case should be dismissed or the Plaintiff otherwise required to join the party or parties alleged to have had prior notice of alleged dependency, neglect, or abuse of the minor child, K.D.

## SIXTH DEFENSE

The answering Defendant states that the Plaintiff has failed to mitigate her alleged damages and this Defendant relies upon same as a complete and/or partial bar to the Plaintiff's recovery herein, if any.

## SEVENTH DEFENSE

The answering Defendant asserts that liability and damages must be allocated by percentage of fault as required by KRS 411.118, and the Answering Defendant

demands an allocation of fault among all parties, including any settling non-parties, and others, as required by applicable Kentucky statutes and common law.

### EIGHT DEFENSE

That the answering Defendant reserves the right to assert any affirmative defenses pursuant to Federal Rule of Civil Procedure 8, or avail himself of any immunity defenses pending further discovery.

WHEREFORE, the Defendant prays that the Complaint be dismissed and that the Plaintiff recover nothing thereby; for attorney's fees, for costs herein expended; and for any and all other relief to which this Defendant may be entitled, either at law or equity.

Respectfully Submitted;

  /s/ Max K. Thompson
MAX K. THOMPSON, Esq. (Ky. Bar No. 86111)
Smith, Thompson & Kennedy, PLLC
PO Box 1079
Pikeville, Kentucky 41502
maxthompson@setel.com
606- 432-2156 (phone)

### CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2017 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Hon. Michael B. Hissam
mhissam@baileyglasser.com
Bailey & Glasswer LLP
209 Capitol Street
Charleston, WV 25301
*Counsel for Plaintiff*

Hon, Jonathan C. Shaw
Porter, Banks, Baldwin & Shaw, PLLC
PO Drawer 1767
Paintsville, KY 41240
*Counsel for Gannon*

Hon. Neal Smith
Pike County Board of Education
316 South Mayo Trail
Pikeville, KY 41501
*Counsel for Pike County Board of Education and Adkins*

__/s/ Max K. Thompson_____
MAX K. THOMPSON, Esq.